Seward, J.
(orally).
This case is submitted to the court upon certain exceptions to the master’s report. The master has made a report which is somewhat voluminous. He makes certain findings and exceptions are made to some of the findings.
The first exception is to the allowance of five hundred dollars to DeBord, as exemption in lieu of a homestead. The second is to findings that the Pratt-Kirk Co. and Wesley Montgomery are not sub-contractors; third, to Mr. Cooper’s bill. That was not insisted upon in the argument, and the court barely notices it, without paying more attention to it. Fourth, in not finding that Coulter was entitled to priority in the sum of six thousand dollars, which is now in the hands of the clerk.
The question as to whether DeBord is entitled to five hundred dollars depends whether the money in the hands of the board of education — the sum of eight thousand dollars — is subject to a lien by sub-contractors or material men in the erection of the school building. The contract for the school building was originally let in its complete form, including wooden stairs, to DeBord, for eighty-one thousand dollars. Subsequent to the letting of the contract the school board thought they would change the wooden stairway to an iron stairway, and they reduced the amount of the contract — seventeen hundred dollars by reason of that change — from a wooden to an iron stairway. They advertised for bids for the construction of this iron stairway. -I do not know whether there were other bidders or not, but at any rate DeBord was the successful bidder. He was the principal contractor for the erection of the school building in its entirety. He was the successful bidder, and the lowest bidder. He sublet the contract for the iron stairway to some Toledo firm, whose business is the construction of that kind of work. There was a profit after the Toledo firm got their pay under the contract with DeBord of some eight hundred dollars in the stair contract.
These material men and laborers file liens against the fund in the hands of the board of education, and the question is whether there is a lien against this eight hundred dollars, which was the profit in the stairway contract. If it is subject to the *125 lien of Vogelmeir Bros., the Pratt-Kirk Co., Wesley Montgomery ■ and Thomas F. Coulter, then DeBord is not entitled to exemption, because the statute as to exemptions provides that a person shall not have, an exemption in lieu of a homestead in this kind of a ease; but if it is a separate and distinct contract with DeBord for the erection of this stairway, it puts a different phase upon it. ,
As the court views it, it is a separate and distinct contract with DeBord for the erection of the iron stairway; and the court thinks that there was no error in the master’s finding in relation to that, as far as the record appears in this case. There might be other questions which are not shown by the record. The only question is: whether he is entitled to the exemption.
The court is cited to the 27th Ohio. State, and refers to that at page 132. The court thinks it is decisive of the question here. The first branch of the syllabus is:
“Under the statute (41 O. L., 66; see Section 3184, Revised Statutes), to create a lien in favor of mechanics and others, the claim of a sub-contractor against the owner of the structure is limited to the work and material furnished in performing a particular contract between the owner and contractor in relation to such structure; also to the amount unpaid on such contract at the time he delivers to the owner his attested account against the contractor for such work and materials.”
At page 143 the Supreme Court say:
‘ ‘ The first question to be considered then, is whether the fund in dispute arises upon one contract or different contracts between the owner and contractor; for, under the statute, the claim of the sub-contractor against the owner of the structure is, by fair construction, limited to the work and materials furnished in performing a particular contract .between the owner and contractor; also to the amount due on said contract at the time he delivers to the owner his attested account against the contractor for such work and materials. If there be distinct jobs of the kinds enumerated in the statute, under separate contracts, between the same owner and contractor, the liens of the subcontractors are respectively confined to the amount due on the contract each one aided the contractor to perform.”
Now, if these parties had performed the contract on this stairway, then they would have had a lien on the fund. But *126 it is not claimed that they performed any work, or furnished any material for it. It was1 a separate and distinct contract.
Under the 27th Ohio State, as the court views it, they are not entitled to attach their lien to that particular fund. I might refer to Section 3193, as bearing upon this question; it provides what shall be done in order to obtain a lien.
The next question which the court will consider is as to the sufficiency of the notice of Coulter; whether his notice was sufficient to entitle him to assert a lien against this fund.
The notice is quite lame, and if it were not for the order attached to the notice, which the court thinks relieves it of some of its infirmities, the court would be inclined to find that he would have no right to participate in the fund. The account does not show that it is an account for the building, or for anything to do with the building of the school house. The only •thing that connects the board of education with the matter, or with the school building at all, is the order attached. The affidavit does not mention anywhere that it is for the erection of a school building, or the building in- controversy, out of which the fund grew. This is the order:
“Newark, Ohio, July 11th, 1908.
“The Board of Education, Newark, Ohio, will please pay the above balance, $1,394.64, and charge to my account when said roof has been accepted by architect and board.
“Very respectfully,
“(Signed) Hugh B. DeBord,

“Contractor.”

That is notice to the board of education as to where this account belonged- — the building that they were erecting at that time. The court thinks that this was notice enough to put the school board on guard, and that, after it was served upon them by Coulter, it was their duty to retain all subsequent payments until ten days after the last payment became due, and that the lien would attach to any money in their hands at that time. There was some money, I think — something like seventeen hundred dollars. After the notice was served, the board of education paid out seven hundred dollars at that time — July 7th, I believe— and on August 18th they paid out ten hundred and seventy-five *127 dollars — something like seventeen hundred and fifty dollars after the notice of the lien was served.
It is claimed that the notice is defective in not setting forth the structure upon which it is proposed to take the lien. But Coulter is not seeking to perfect a lien against the owner; he is seeking to fasten his lien against the fund in the hands of the board of education, due the principal contractor.
Section 3193 provides -for' the notice. . It says:
“Any sub-contractor, material man, laborer or mechanic, who has performed labor or furnished material, fuel or machinery, who is performing labor, or furnishing material, fuel, or machinery, or who is about -to perform labor, or furnish material fuel or machinery for the construction, alteration, removal! or repair of any property, appurtenance or structure, as described in sections three thousand and eighty-four and three thousand one hundred and eighty-six, or for the construction, improvement or repair of any turnpike, road, improvement, sewer, street or other public improvement, or public building provided for in a contract between the owner, or any board, officer or public authority and a principal contractor, and under a contract between such sub-contractor, material man, laborer or mehanic and a principal contractor or sub-eontrator, may at the time of beginning to perform such labor or furnish such material, fuel or machinery, or at any time, thereafter, not to exceed four months from the performance of such labor or the delivery of such machinery, fuel or material, file with the owner, board or officer, or the authorized clerk or agent thereof, a sworn and itemized statement of the amount and value of such labor performed, and to be performed, material, fuel or machinery furnished, containing a description of any promissory note."
The only thing that is required in this particular notice is a description of any promissory note or notes that may have been given by the principal contractor or sub-contractor-.
Section 3194 provides that the owner shall retain from the principal contractor anything that may thereafter be due until a period of ten days has expired after the last payment. He must retain that to apply it upon the claims of the persons who file the notice. Section 3195 provides what shall be done by the principal contractor to notify his fellow sub-contractors — that he shall file a copy of the affidavit with the county recorder.
*128 None of the sections of the statute provide that any description of the property shall be contained in the notice. But under Section 3201, if the person serving the notice is not paid his money under the provisions of Section 3195, then he has a right to perfect his lien against the property, and he must file then an itemized and sworn statement with the county recorder, giving a description of the property. That is provided for in Section 3201, as I recollect it. When he seeks to' file a lien against the property he must file an itemized statement with the recorder, giving a description of the property as provided in Sections 3184 and 3186.
The court thinks the notice was ample and bound the board to retain in their hands any amount that might be subsequently found due to DeBord; and as they failed to do. that, the court thinks Coulter is entitled to judgment against the board.
It is claimed that -the master erred in not finding that Coulter is entitled to a preference out of the six thousand dollars. The court thinks that would be an injustice to the other lienholders who have filed their claims with the board. Coulter had a claim against the fund, against which he had fastened his lien on the money that was in the hands of the board of education. He had a right to have that money paid to him, and it was not paid, and he is entitled to a judgment against the board. But the court does not think that he is entitled to a preference .out of the six thousand dollars.
Other exceptions are filed — to.the allowance of sixteen dollars, and other matters. B.ut the court does not think the master has erred in any of them, and the master’s report will be confirmed.
The Court: I will enter notice of appeal on behalf of all the parties. The bond for appeal fixed at $50,